## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VICKY L. BLAKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-03-1650-CH |
| | ) |
| JO ANNE B. BARNHART, | ) |
| COMMISSIONER OF THE SOCIAL | ) |
| SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) [Doc. #29]. For the reasons set forth below the Motion, construed as a motion pursuant to Fed. R. Civ. P. 60(b)(6), is granted and Plaintiff's attorney is awarded a reasonable attorney's fee in the amount of $10,976.95 pursuant to 42 U.S.C. § 406(b).

### I.   Procedural History

Plaintiff's attorney has moved for an award of fees following the Commissioner's award of past-due benefits to Plaintiff, Ms. Vicky L. Blake. In a Memorandum Opinion and Order dated October 25, 2006 [Doc. #35], this Court awarded attorney fees to Plaintiff's attorney pursuant to 42 U.S.C. § 406(b) in the amount of $6,330.75, a lesser amount than that requested by Plaintiff's attorney. In making this award, the Court opined that the aggregate fee award permitted under 42 U.S.C. § 406(a) (attorney fees awarded for work performed at

the agency level) and 42 U.S.C. § 406(b) (attorney fees awarded for work performed at the court level) could not exceed 25% of the past-due benefits awarded to Ms. Blake.

Plaintiff's attorney then appealed this Court's Order to the Tenth Circuit Court of Appeals contesting the Court's finding regarding an aggregate 25% limitation on § 406(a) and § 406(b) fee awards. The Tenth Circuit stayed the appellate proceedings on February 15, 2007, finding that the same issue was before the Court in *Wrenn ex rel. Wrenn v. Barnhart*, No. 06-7088 (10th Cir.). On May 7, 2008, the Tenth Circuit issued its ruling in *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931 (10th Cir. 2008). In *Wrenn*, the Tenth Circuit held that "[b]ased on the plain language and statutory structure found in § 406, the 25% limitation on fees for court representation found in § 406(b) is not itself limited by the amount of fees awarded by the Commissioner [at the agency level, pursuant to § 406(a)]." *Id*., 525 F.3d at 937.

Following the *Wrenn* decision, on July 30, 2008, the Tenth Circuit entered an order lifting the stay, vacating the Memorandum Opinion and Order of this Court and remanding this matter for further proceedings in light of the *Wrenn* decision.

On August 4, 2008, this Court entered an Order [Doc. #45] permitting the parties to submit argument and authorities or other information regarding the issues to be addressed on remand. The Commissioner thereafter filed a Notice [Doc. #47] and contends, notwithstanding the *Wrenn* decision, that the attorney fee previously awarded by this Court in the amount of $6,330.75, is a reasonable attorney fee and that Plaintiff's attorney should not be permitted to recover more than this amount. On September 19, 2008, Plaintiff's

attorney belatedly filed a Notice [Doc. #48] informing the Court that she relies entirely on the previous briefing submitted with her § 406(b) motion.  She contends that the amount of attorney fees originally requested, $10,976.95, is reasonable and should be awarded by this Court.

**II.    Analysis**

    **A.    Background Facts**

On February 22, 2001, an Administrative Law Judge for the Social Security Administration (SSA) issued a decision finding Plaintiff, Vicky L. Blake, not disabled. Following the Appeals Council's denial of review, Ms. Blake filed a complaint in this Court requesting judicial review of the Commissioner's decision.  Ms. Blake was represented at the judicial level by attorneys from the law firm Troutman & Troutman, P.C. (Troutman Firm), including Ms. Gayle Troutman.  On October 18, 2004, the Court entered an order remanding the case to the Commissioner for further administrative proceedings, and a judgment was entered in this case pursuant to the fourth sentence of 42 U.S.C. § 405(g).

After the judgment became final and non-appealable, Plaintiff filed a motion for an award of attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). On December 28, 2004, the Court awarded Plaintiff $4,646.20 in attorney's fees pursuant to the EAJA and entered judgment for Plaintiff accordingly.  Plaintiff's attorney has informed the Court that her firm received payment of fees in the amount of the EAJA award. Plaintiff's Attorney's Motion at 7.  *See also id.* at 6 ("An application for an award for EAJA fees was timely filed on behalf of the Plaintiff, and the Court awarded $4646.20 in

accordance with EAJA. This fee award was paid directly to Troutman & Troutman in January 2005.").[1]

Upon remand to the Commissioner, Ms. Blake was represented by an attorney from a different firm, Mr. Richard Mildren. Following further administrative proceedings, Ms. Blake received a fully favorable decision dated September 19, 2005, that found Ms. Blake had been disabled since August 30, 1999. Past-due benefits were awarded to Ms. Blake in the amount of $46,523.00. The SSA then withheld twenty-five percent of Ms. Blake's past-due benefits, or $11,630.75, for the payment of attorney fees pursuant to 42 U.S.C. § 406. The SSA thereafter approved and paid an attorney's fee to Mr. Mildren in the amount of $5,300 pursuant to 42 U.S.C. § 406(a) for services rendered at the agency level. The SSA then notified Ms. Troutman that the agency was still withholding the balance, $6,330.75, for the payment of any additional fees and inquired whether she intended to petition the Court for an additional fee. Ms. Troutman then filed the pending motion seeking the award of an additional attorney fee from this Court pursuant to 42 U.S.C. § 406(b). Relying on her firm's written contingency fee contract with Plaintiff, Ms. Troutman has requested that this Court approve an attorney fee award in the amount of $10,976.95.

The fee agreement, dated November 13, 2003, provides in part:

---

[1] The contract between Ms. Blake and the Troutman Firm states that "[EAJA] fees are generally made payable directly to Attorney." *See* Plaintiff's Attorney's Motion, Attachment 3, Employment Contract, Contract for Federal Court Work. To the extent this was a common practice amongst social security practitioners, the Tenth Circuit Court of Appeals recently clarified that EAJA fees are payable to the claimant as the prevailing party and a court should not order such fees to be paid directly to a claimant's attorney. *Manning v. Astrue*, 510 F.3d 1246 (10th Cir. 2007), *petition for cert. filed*, 76 U.S.L.W. 3637 (U.S. May 22, 2008) (No. 07-14).

> **ATTORNEY'S FEE**
> This is a contingent fee contract. If Attorney prevails before the Federal Court, and if Claimant is subsequently awarded benefits by the Social Security Administration ("SSA"), Claimant agrees to pay Attorney a fee for Federal Court work equal to 25% of the past due benefits.

*See* Plaintiff's Attorney's Motion, Attachment 3, Employment Contract, Contract for Federal Court Work. Based on the terms of the written fee contract, the Troutman Firm contends that Ms. Blake owes the firm $11,630.75, representing 25% of the past-due benefits award. Plaintiff's attorney states, however, that "in the interests of billing judgment, taking into account the amount being withheld to pay fees after the agency representative was paid," counsel seeks approval of a reduced fee in the amount of $10,976.95. *See* Plaintiff's Attorney's Motion at 6. Although the Troutman Firm deems this amount a "reduced fee," the Court observes that the amount sought is equal to the sum of the EAJA award, $4,646.20, already paid to the firm, and the balance currently held by the Commissioner for any additional payment of fees, $6,330.75. Plaintiff's attorney states that when the EAJA fee already paid is considered as an offset (presumably by agreement of the parties), Plaintiff will not owe the firm any fees out-of-pocket, as the amount the Commissioner holds will satisfy her remaining contractual obligation and "cover the 406(b) fee in full." *Id*.

### B.     Authority for Awarding Section 406(b) Attorney Fees

Fees incurred at the judicial level of review of Social Security disability determinations are recoverable pursuant to section 406(b) as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such

5

> representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, . . . , certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). In *McGraw v. Barnhart*, 450 F.3d 493 (10th Cir. 2006), a case of first impression decided during the pendency of this motion for § 406(b) fees, the Tenth Circuit held that a district court's authority to award attorney's fees to claimant's attorney pursuant to 42 U.S.C. § 406(b) is not limited to instances where the district court enters an order remanding for an immediate award of past-due benefits. Rather, 42 U.S.C. § 406(b) also authorizes the district court to award fees where, as here, the district court remands for further administrative proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits.[2] Thus, pursuant to *McGraw*, section 406(b) authorizes an award of fees in the circumstances presented here.

### C. Timeliness of § 406(b) Attorney's Fee Request

Because of the potential for a significant time lag between a court's remand and the Commissioner's ultimate award of past-due benefits, the Tenth Circuit has addressed the procedure to be followed in requesting section 406(b) fees noting that "[s]ection 406(b) itself does not contain a time limit for fee requests." *McGraw*, 450 F.3d at 504. Section 406(b)

---

[2] The Troutman Firm filed the pending fee motion on June 12, 2006, one day prior to the Tenth Circuit's *McGraw* decision. The Tenth Circuit reversed the published decision of the United States District Court for the Northern District of Oklahoma, *McGraw v. Barnhart*, 370 F.Supp.2d 1141 (N.D. Okla. 2005), which had held a district court may not award fees under § 406(b) when the court's judgment did not entitle the claimant to past-due benefits but merely remanded the case to the Commissioner for further administrative proceedings.

fee requests are governed by Rule 60(b)(6) of the Federal Rules of Civil Procedure and should be filed "within a reasonable time of the Commissioner's decision awarding benefits." *Id*. at 505.[3]

The parties have not addressed whether the pending motion was filed within a reasonable time of the Commissioner's decision awarding past-due benefits.[4] The Commissioner's decision awarding benefits is dated September 19, 2005. *See* Defendant's Response [Doc. #30], Ex. 1, Notice of Decision – Favorable. The instant motion was filed some nine months later on June 12, 2006. It appears the filing of the motion was triggered by the Commissioner's letter to Plaintiff's attorney requesting information as to whether a fee petition for services before the court had been filed. *See* Plaintiff's Attorney's Motion, Attachment 1.[5] The Commissioner's letter is dated May 9, 2006.

---

[3]Rule 60(b)(6) provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b)(6). As the Tenth Circuit stated in *McGraw*, "[w]e believe that the best option in these circumstances is for counsel to employ Federal Rule of Civil Procedure 60(b)(6) in seeking a § 406(b)(1) fee award." *McGraw*, 450 F.3d at 505.

[4]In responding to Plaintiff's Attorney's Motion, the Commissioner cited *McGraw* and discussed that aspect of the decision holding that Fed. R. Civ. P. 60(b)(6) governs fee requests made pursuant to 42 U.S.C. § 406(b) but did not analyze whether the instant motion was timely filed. The Commissioner, therefore, apparently concedes the timeliness of the motion.

[5]Plaintiff's attorney also attaches a letter from the Commissioner to Ms. Blake dated January 3, 2006, notifying her that past-due benefits in the amount of $46,523.00 had been awarded and that $11,630.75 of this amount had been withheld "in case we need to pay your lawyer." *See* Plaintiff's Attorney's Motion, Attachment 2 at 2.

Under the circumstances of this case and because the Commissioner has not objected to the timeliness of Plaintiff's attorney's motion, the Court finds the motion was filed within a reasonable time of the Commissioner's decision. *Compare Bergen v. Commissioner of Social Security*, 454 F.3d 1273, 1277-1278 (11th Cir. 2006) ("Because the Commissioner has not objected to the timeliness of the attorney's fee petitions, we do not address this issue in this case and merely hold that the petitions were timely."). In making this determination, the Court takes into consideration that the Tenth Circuit addressed an issue of first impression in *McGraw*.

### D.     Reasonableness of the Section 406(b) Fee Request

As set forth, section 406(b) authorizes an attorney fee award for a Social Security claimant's representation in federal district court and provides that a court may allow "a reasonable fee . . . not in excess of 25 percent of the total of the past due benefits" awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). While a contingency fee of 25 percent of the past due benefits is statutorily authorized, the Court must further determine whether that contingency fee is a reasonable fee award in this case. *See Gisbrecht v. Barnhart*, 535 U.S.789, 806-807 (2002) (holding that section 406(b) calls for the courts to conduct an independent assessment of contingent-fee agreements setting fees for successful representation of Social Security benefits claimants). The *Gisbrecht* Court did not provide a definitive list of factors to be considered in making the reasonableness determination recognizing that the "[j]udges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts." *Id*. The Court noted, however, that a reduction

in the contingent fee may be appropriate when (1) the fee is out of line with "the character of the representation and the results . . . achieved," (2) counsel's delay caused past-due benefits to accumulate "during the pendency of the case in court," or (3) past-due benefits "are large in comparison to the amount of time counsel spent on the case." *Id.*

Although the Commissioner contends a reasonable fee should be limited to $6,330.75 -- the remaining amount the Commissioner currently holds out of past-due benefits for payment of attorneys fees -- the Commissioner offers no analysis or authority in support of limiting the fee award to this amount.[6] To the extent the Commissioner seeks to prevent having to pay sums in excess of the remaining amount held out of past due benefits, no such obligation exists upon the Commissioner and Plaintiff's attorney has made clear that she seeks to recover from the Commissioner only the amount of $6,330.75. *See* Plaintiff's Reply [Doc. #34] at 2 ("Counsel seeks the Court's order to authorize the Commissioner to release the funds it has withheld to counsel. Counsel will then seek payment from Ms. Blake for the outstanding amount.").

Plaintiff's attorney has provided the Court with a description of the time spent performing work on this case at the judicial level. *See* Plaintiff's Attorney's Motion, Attachment 4. The firm spent a total of 29.2 attorney hours on this case. The Court has

---

[6]The Commissioner does not contest the reasonableness of a fee award in the amount of the balance of past-due benefits being withheld. As the United States Supreme Court noted in *Gisbrecht*, the Commissioner "has no direct financial stake in the answer to the § 406(b) question; instead, she plays a part in the fee determination resembling that of a trustee for the claimant." *Gisbrecht*, 535 U.S. at 798 n. 6.

9

determined that the reduced contingency fee requested in this case in the amount of $10,976.95 is reasonable. The character of the representation, the expertise of the Troutman Firm in Social Security law, the result achieved and the absence of delay in the proceedings all support the reasonableness of the fee award in the amount of $10,976.95.

The Court further finds that because Plaintiff's attorney has already received the fee award under the EAJA for the same work, Plaintiff's attorney may not keep both awards and Plaintiff is entitled to a refund of the smaller EAJA award. As the United States Supreme Court stated, "Congress harmonized fees payable by the government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Gisbrecht*, 535 U.S. at 796 (*citing and quoting* Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 186). *See also* 28 U.S.C. § 2412 (note -- Savings Provisions). In such a situation, the amount of the total past-due benefits the claimant ultimately receives is increased by the smaller award. *See id. See also Manning*, 510 F.3d at 1251; *Wrenn*, 525 F.3d at 931 ("If both [EAJA and § 406(b) fees] are awarded, attorneys are required to refund the lesser of the EAJA or § 406(b) fees to the client, they cannot keep both."). [7]

---

[7]It may be that Ms. Blake has agreed to forego her entitlement to a refund of the EAJA award so that she may satisfy in full her contractual obligation to her attorneys. In fact, the parties' contract states that if EAJA fees are not paid directly to the Troutman Firm, Ms. Blake "hereby assigns all of []her rights to such payments to Attorney as partial payment for the attorney fee." *See* Plaintiff's Attorney's Motion, Attachment 3, Employment Contract, Contract for Federal Court Work. Any such agreement, however, is a contractual matter between Ms. Blake and the Troutman Firm and is not properly addressed in an order from this Court awarding § 406(b) fees.

**IT IS THEREFORE ORDERED** that Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) [Doc. #29], construed as a motion for relief from the prior judgment pursuant to Fed.R.Civ.P. 60(b)(6), is granted. The Court grants relief from the prior judgment to the extent that the Court hereby approves and authorizes an award of $10,976.95 as a reasonable attorney fee to Plaintiff's attorney pursuant to 42 U.S.C. § 406(b) for Plaintiff's legal representation before this Court. Plaintiff's attorney is not permitted to keep both the award of attorneys fees under EAJA and the award of attorneys fees under § 406(b). Plaintiff is entitled to a refund of the smaller EAJA award.

**IT IS FURTHER ORDERED** that the Commissioner is authorized to release to Plaintiff's attorney the remaining amount withheld from Plaintiff's past-due benefits.

IT IS SO ORDERED this  10th  day of October, 2008.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE